# HENRY TUTHILL AND ANOTHER, RESPONDENTS, *v.* THEODORE BOGART, APPELLANT.

*Contract for purchase and malting barley, and delivering of same — in whom title vests after its purchase.*

APPEAL from a judgment in favor of the plaintiffs, entered on the report of a referee.

The action was brought to recover the value of 2,500 bushels of malt, which the defendant, as sheriff, took from the malt-house of the plaintiffs in Penn Yan, in May or June, 1876, by virtue of an execution upon a judgment against Smith & Gowan, of the city of New York, the sheriff claiming that the malt was the property of the judgment-debtors. The plaintiffs claimed to own the malt, and the question of title depended upon the construction to be given to a contract which was made between the plaintiffs and Smith & Gowan on the 29th of September, 1875, as follows:

" The said H. & E. D. Tuthill agree to malt for said Smith & Gowan, at their malt-house in Penn Yan aforesaid, twenty-five thousand bushels of barley during the season from the 1st day of October, 1875, to the 1st of June, 1876, at the rate of twenty-five cents per bushel for each and every bushel so malted; the said barley when made into malt to be delivered by the said H. & E. D. Tuthill, free of expense, on board of cars at Penn Yan aforesaid; the said Smith & Gowan to have and receive all the increase of the said barley after the same is manufactured into malt, and the same shall be manufactured in a good and workmanlike manner upon the following conditions: The said

H. & E. D. Tuthill shall purchase the barley in the market at market rates; and the said barley shall consist of fifteen thousand bushels of what is known as six-rowed State, and of ten thousand bushels of what is known as two-rowed State, and shall be of good quality.

"And the said H. & E. D. Tuthill shall ship the malt at such times and in such quantities as the said Smith & Gowan may direct, the accumulations of such malt not to exceed six weeks' malting. The said Smith & Gowan are to furnish all bags required for shipment. The said Smith & Gowan agree to accept the drafts of H. & E. D. Tuthill on New York city at sixty days in payment for the purchase of said barley, unless said Smith & Gowan shall furnish such brewers' notes, indorsed by said Smith & Gowan, having not more than ninety days to run, as said H. & E. D. Tuthill can use, or such as will be satisfactory to them, in place of said drafts or some of them. Said H. & E. D. Tuthill are to furnish and deliver to said Smith & Gowan, at the close of each month of said period, a statement of the amount malted during that month, and said Smith & Gowan agree to pay the same on presentation. The said Smith & Gowan agree to pay the necessary interest and exchange; also insurance on the barley and malt from the time said barley is paid for by said H. & E. D. Tuthill, until it is delivered on the cars aforesaid; also, the interest and exchange on such notes or drafts as may be given in payment for the malt when shipped.

"It is further agreed that said H. & E. D. Tuthill may retain and hold, after the first day of June next, a sufficient amount of the malt aforesaid to pay any notes or drafts above mentioned remaining then unpaid as security for the payment thereof until paid."

The referee found that the plaintiffs, in pursuance of said contract, purchased several thousand bushels of barley prior to the 1st day of May, 1876, and manufactured the same into malt, a part of which was the malt taken by the defendants; that Smith & Gowan had no leviable interest in the malt so taken; that it was wrongfully taken from the possession of the plaintiffs; and that they were entitled to receive its value, which was found by the referee to be the sum of $2,500, besides interest.

The court, at General Term, said: " The contract in question was a manufacturing contract. The plaintiffs agreed to manufacture for Smith & Gowan a specified quantity of barley into malt. The barley was not to be furnished by Smith & Gowan, but the plaintiffs were to purchase it in the markets That they were to purchase it as their own, and not as the barley of Smith & Gowan, seems clear. The latter were not to advance funds for the purpose before the purchase was made, nor did they authorize the use of their credit, or in any way constitute the plaintiffs their agents to buy barley on their account. The provisions in respect to the manner in which purchases were to be made, as that the barley was to be bought in the market at market rates, and was to be of good quality, were not intended as limitations of an agency, but were designed to regulate the quality and cost of the material from which the malt was to be manufactured. It was important to Smith & Gowan to limit the cost, as well as to provide for the quality of the barley, since the cost of the barley entered into the price which they were to pay for the malt. In short, the plaintiffs were to buy their barley on their own account, and the title was to remain in them until the barley was manufactured into malt, and the malt was delivered to Smith & Gowan, as provided by the contract. The stipulation that Smith & Gowan were to have the increase of the barley after it was manufactured was useless and unmeaning, if the barley was theirs before it was manufactured. The provision that Smith & Gowan should pay interest and exchange on drafts accepted by them in payment of the purchase-price of the barley, and also insurance on the barley and malt till delivery of the malt on the cars, is not inconsistent with the views above stated. It has no bearing on the question of title. Its effect is simply to impose upon Smith & Gowan the obligation to pay ultimately all the expenses of the transaction, as well as the cost of the barley, leaving to the plaintiffs a clear compensation of twenty-five cents a bushel for manufacturing. If the barley was the property of Smith & Gowan, it was unnecessary to provide that they should be liable for the cost of insuring it. A clause in the contract, much relied on by the counsel for the appellant, is the last, which provides that the plaintiffs may retain sufficient malt, after the first of June, to

cover any notes or drafts then outstanding. By a preceding provision, the plaintiffs were to complete the malting and delivery by the first of June. The clause in question was intended to modify that provision by allowing the plaintiffs to delay, beyond that date, the delivery of so much of the malt as should be necessary to secure the acceptances and notes then outstanding.

"We are of the opinion that the judgment should be affirmed."

*W. F. Cogswell*, for the appellant. *J. McGuire*, for the espondents.

Opinion by SMITH, J.

Present — MULLIN, P. J., TALCOTT and SMITH. JJ.

Judgment affirmed.